UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

EMILIO ALEJANDRO BARRERA,

Defendant.

---

19-cr-616 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

Emilio Alejandro Barrera brings a pro se motion requesting federal custody credit for time spent at the Metropolitan Correctional Center ("MCC") between June 29, 2019 and February 24, 2020 on the ground that his sentences for state and federal offenses are to run concurrently. For the reasons stated below, the request is denied.

BACKGROUND

Barrera was arrested on state bail-jumping charges on August 2, 2019. See Presentence Report ("PSR"), ECF No. 11, at ¶ 15. Barrera was writted into federal custody on August 27, 2019. Id. The next day, Barrera was charged in a one-count indictment with unlawfully entering the United States after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) & (b)(2). ECF No. 6. Barrera pleaded guilty on October 30, 2019. This Court sentenced him to 24 months' imprisonment on

1

February 5, 2020. See ECF No. 15; Sentencing Tr., ECF No. 14, at 11:14-12:3. At sentencing, the defendant did not request and the Court did not order that Barrera's federal sentence run concurrently with any state sentence to be imposed. On February 25, 2020, the New York County Supreme Court sentenced Barrera on the bail-jumping charge to time served, and the court ordered that this sentence run concurrently with Barrera's federal sentence. See State Judgment of Conviction and Disposition Worksheet, ECF No. 17-3, at 1, 4. The Bureau of Prisons ("BOP") calculated that Barrera's federal sentence commenced on February 25, 2020. See BOP Computation, ECF No. 17-4, at 2.

## DISCUSSION

At sentencing, a district court may, in its discretion, order that a federal sentence run concurrently to a state law sentence yet to be imposed. See Sester v. United States, 566 U.S. 231, 236-37 (2012). Once a defendant has been sentenced, however, it "falls to [the] BOP, not the district judge, to determine when a sentence is deemed to 'commence' [and] whether the defendant should receive credit for time spent in custody before the sentence 'commenced.'" Werber v. United States, 149 F.3d 172, 179 (2d Cir. 1998) (quoting United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (per curiam)) (internal citations omitted).

Although the state court designated Barrera's state sentence to run concurrently to the federal sentence, "such a determination

is not binding on federal authorities." Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005). "[O]nly the BOP is entitled to give credit for time served prior to the commencement of a sentence." Werber, 149 F.3d at 179; accord United States v. Los Santos, 283 F.3d 422, 427 (2d Cir. 2002) ("It is well settled that the credit to which [a defendant] is due for time spent in federal custody is to be handled by the BOP and not the sentencing court.").

Because this Court has no authority to award Barrera federal custody credit for time spent in federal detention before his sentence began on February 25, 2020, the Court denies the defendant's motion.

SO ORDERED.

Dated:   New York, NY

_____7/28_____, 2021

_____
JED S. RAKOFF, U.S.D.J.